UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
RONALD F. STRICH,                   )   Case No. C13-1092RSL
                                    )
                  Plaintiff,        )
     v.                             )
                                    )   ORDER GRANTING PLAINTIFF'S
ACCELITEC, INC.,                    )   MOTION FOR PARTIAL SUMMARY
                                    )   JUDGMENT
                  Defendant.        )
_____)

       This matter comes before the Court on plaintiff's "Motion for Partial Summary Judgment." Dkt. # 6. Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact that would preclude the entry of judgment as a matter of law. L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of the materials in the record that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)(1)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to identify specific factual disputes that must be resolved at trial. Hexcel Corp. v. Ineos Polymers, Inc., 681 F.3d 1055, 1059 (9th Cir. 2012).

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

Having reviewed the memoranda, declarations,[1] and exhibits submitted by the parties, the Court finds as follows:

Plaintiff has established the elements of his breach of contract claim: a valid promise to repay the June 2010 loan with interest on a date certain, a breach of that promise, and resulting damages. Baldwin v. Silver, 165 Wn. App. 463, 473 (2011). Defendant argues that summary judgment is nevertheless inappropriate because discovery may show that plaintiff breached fiduciary and/or contractual duties unrelated to the June 2010 promissory note, ultimately preventing defendant from making the required payment. Defendant does not cite to a single case or provide a reasoned legal argument in support of its theory that a breach of duties unrelated to the June 2010 promissory note excused defendant's performance thereunder. Although a "prevention" excuse may be an available defense to a breach of contract claim in Washington, the defense generally arises where one party's breach of an express or implied contractual duty interfered with or prevented the other party's ability to perform. See Highlands Plaza, Inc. v. Viking Investment Corp., 72 Wn.2d 865, 878 (1967) (seller who failed to obtain consent of third party to extension of payment date could not benefit from lack of consent where the earnest money agreement made it the seller's duty to obtain consent); Hydraulic Supply Mfg. Co. v. Mardesich, 57 Wn.2d 104, 105 (1960) (vessel owner's failure to replace piping, as required by contract, prevented repair company from testing repairs and precluded counterclaim for damages arising from non-performance). In this case, nothing in the June 2010 promissory note expressly or impliedly obligated plaintiff to ensure defendant's ability to repay the loan, regulated plaintiff's conduct vis-a-vis third parties, or otherwise conditioned defendant's performance on plaintiff's faithful execution of his unrelated fiduciary and contractual duties.

---

[1] For purposes of this motion, the Court has considered the Declaration of Thomas Bartz (Dkt. # 11). Plaintiff's objections are overruled.

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT            -2-

1  See Banner Bank v. Metrophone Telecomms., Inc., 123 Wn. App. 1060, 2004 WL 2429559 at
2  *3 (2004).  If plaintiff breached independent obligations arising from his role as a member of
3  Accelitec's Board of Directors and/or the other agreements he had with defendant, such breaches
4  and their resulting damages will be separately determined as this litigation proceeds.  They do
5  not, however, preclude a finding that plaintiff has established each element of his first cause of
6  action.

8       For all of the foregoing reasons, plaintiff's motion for partial summary judgment
9  on his first cause of action (Dkt. # 6) is GRANTED.  Defendant has breached the June 2010
10 promissory note and owes $1,000,000 in unpaid principal, $240,876.71 in unpaid interest as of
11 June 22, 2013, and prejudgment interest.  These amounts may be offset if defendant is able to
12 establish one or more of its counterclaims.

14      Dated this 8th day of November, 2013.

                                Robert S. Lasnik
                                United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
FOR PARTIAL SUMMARY JUDGMENT           -3-