UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
RONALD F. STRICH,                  )    Case No. C13-1092RSL
                                   )
                    Plaintiff,     )
        v.                         )
                                   )    ORDER GRANTING IN PART
ACCELITEC, INC.,                   )    PLAINTIFF'S MOTION TO DISMISS
                                   )    DEFENDANT'S COUNTERCLAIMS
                    Defendant.     )
_____)

This matter comes before the Court on "Plaintiff's Motion to Dismiss Defendant's Counterclaims." Dkt. # 8. In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff. In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

ORDER GRANTING IN PART MOTION
TO DISMISS COUNTERCLAIMS

Having reviewed the memoranda submitted by the parties, Accelitec's current Articles of Incorporation,[1] and defendant's "Answer, Affirmative Defenses and Counterclaims" (Dkt. # 4), the Court finds as follows:

**A. Breach of the Reciprocal Non-Disclosure Agreement**

Defendant alleges that the Reciprocal Non-Disclosure Agreement ("RNDA") plaintiff signed in June 2010 limited the use and disclosure of Accelitec's confidential information and that plaintiff breached the agreement when he disclosed confidential information to Inmar. Defendant does not, however, identify the confidential information that was allegedly disclosed and has acknowledged that it does "not yet know precisely what [plaintiff] discussed with these third parties." Opposition (Dkt. # 14) at 8. The allegations regarding breach of the RNDA appear to be based on nothing more than a guess regarding the nature of plaintiff's communications with Inmar and are too conclusory to survive a motion to dismiss.

**B. Breach of the Consulting Agreement**

Defendant has adequately alleged a breach of the Consulting Agreement. Although the allegations are not particularly detailed, defendant has identified a promise to "undertake only such work as is approved by the Accelitec CEO," alleged that plaintiff breached that promise by communicating with Inmar without authorization or approval, and identified damages causally related to the unauthorized communications. Defendant's second cause of action raises a plausible claim for relief.

---

[1] The Court has taken judicial notice of Accelitec's Fifth Amended and Restated Articles of Incorporation. The Declaration of Thomas Bartz (Dkt. # 11) is not within any of the categories of documents that are proper for judicial notice, however, and cannot be used to supplement the factual allegations supporting defendant's counterclaims.

ORDER GRANTING IN PART MOTION
TO DISMISS COUNTERCLAIMS                -2-

### C. Tortious Interference Claim

Although there are no allegations in support of the conclusory assertion that plaintiff interfered with defendant's business expectancy for an improper purpose, defendant has identified the allegedly improper means by which the interference occurred: a communication without authorization and in violation of the Consulting Agreement. Defendant has therefore raised a plausible claim for relief on his third cause of action.

### D. Breach of Fiduciary Duties

Defendant alleges that plaintiff breached fiduciary duties owed (i) as a member of Accelitec's Board, (ii) as a consultant, and (iii) as Accelitec's largest investor. Answer (Dkt. # 4) at ¶ 37. The Court is unaware of, and defendant has not identified, any special or fiduciary duty that arises from a consulting agreement or a monetary investment. With regards to the fiduciary duty that arises from Board membership, defendant has not adequately alleged a breach: the unauthorized communications with Inmar occurred after plaintiff had resigned from the Board, and defendant's allegations regarding communications with any other company are too vague to adequately state a claim. Defendant's breach of fiduciary duty counterclaim therefore fails to state a plausible claim for relief.

### D. RCW 19.108.010

Defendant's allegations regarding violations of the Washington Uniform Trade Secrets Act are wholly conclusory. Defendant does not identify any Accelitec trade secret, much less any facts giving rise to a plausible inference that plaintiff disclosed a trade secret in his communications with Inmar. In its response to plaintiff's motion, defendant essentially concedes that it has no idea what plaintiff said during his unauthorized communications with Inmar (Dkt. # 14 at 8): it is not surprising that the factual basis for its statutory trade secret claim is inadequate. Defendant's fifth cause of action has not been adequately pled.

ORDER GRANTING IN PART MOTION
TO DISMISS COUNTERCLAIMS           -3-

**E.  Leave to Amend**

Although three of defendant's counterclaims will be dismissed, this litigation continues.  In this context, leave to amend will not be blindly granted.  If defendant believes it can, consistent with its Rule 11 obligations, amend the counterclaims to remedy the pleading and legal deficiencies identified above, it may file a motion to amend and attach a proposed pleading for the Court's consideration.

For all of the foregoing reasons, plaintiff's motion to dismiss is GRANTED in part.  Defendant's counterclaims for breach of the RNDA, breach of fiduciary duty, and violation of the Washington Uniform Trade Secrets Act are hereby DISMISSED.

Dated this 8th day of November, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION
TO DISMISS COUNTERCLAIMS                 -4-